IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW RUE21 HOLDCO, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10939 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>July 10, 2024 at 11:00 a.m. (ET)<br><br>**Objection Deadline:**<br>July 2, 2024 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) AMENDING CASE CAPTION TO REFLECT CHANGE
OF DEBTORS' NAMES AND ADDRESS, AND (II) GRANTING RELATED RELIEF**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing the Debtors to amend the case caption used in these chapter 11 cases (collectively, these "Chapter 11 Cases") to reflect changes of certain of the Debtors' legal names and to amend the Debtors' service address and (ii) granting related relief. In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, are New rue21 Holdco, Inc. (4668), r21 Holdings, Inc. (1618), New rue21 Intermediate, Inc. (9166), New rue21, LLC (4521), New RSC, LLC (4690), and r services llc (9425). The Debtors' headquarters is located at 800 Commonwealth Drive, Warrendale, PA 15086.

February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 2002(n) and 9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9004-1(c).

## BACKGROUND

4. On May 2, 2024 (the "Petition Date"), the Debtors each filed voluntary petitions under chapter 11 of the Bankruptcy Code in the Court. The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On May 13, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases [D.I. 134]. No request has been made for the appointment of a trustee or an examiner.

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the *Declaration of*

*Michele Pascoe in Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 19] (the "First Day Declaration").[2]

7. On May 31, 2024, the Court entered the *Order (I) Authorizing the Sale of Certain Assets of the Debtors to YM Inc. (Sales) Free and Clear of All Liens, Claims, Interests, and Encumbrances and (II) Granting Related Relief* [D.I. 247] (the "Bidding Procedures Order"), thereby approving the Sale to the Purchaser in accordance with the terms of the Stalking Horse APA. The Debtors consummated the Sale on May 31, 2024. *See* D.I. 249.

8. Pursuant to section 8.8(d) of the Stalking Horse APA, the Debtors are required to change the names (including trade names and d/b/a's) of certain Debtors so that such names no longer include the words "rue21". *See* Stalking Horse APA § 8.8(d). The Debtors are also required to modify the caption of the Chapter 11 Cases to reflect such name changes. The Debtors have already filed the appropriate documentation with the Secretary of State for Delaware to remove references to the words "rue21" from the names of certain Debtors, as set forth below:

| Old Company Name | New Company Name |
|---|---|
| New rue21 Holdco, Inc. | New RSC Holdco, Inc. |
| New rue21 Intermediate, Inc. | New RSC Intermediate, Inc. |
| New rue21, LLC | New RSC I, LLC |
| r21 Holdings, Inc. | N/A |
| New RSC, LLC | N/A |
| r services llc | N/A |

9. In the coming weeks, the Debtors intend to file a motion to reject the real property lease associated with their corporate headquarters located at 800 Commonwealth Drive,

---

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the First Day Declaration or the Bidding Procedures Order, as applicable.

Warrendale, PA 15086, which the Debtors have been using as their service address for these Chapter 11 Cases. After rejecting the lease, the Debtors intend to use the following address as their new service address in these Chapter 11 Cases: 153 Jefferson Ave #618, Washington, PA 15301.

**RELIEF REQUESTED**

10. By this Motion, the Debtors seek entry of the Proposed Order (i) authorizing the Debtors to amend the case caption used in these Chapter 11 Cases to reflect changes of certain of the Debtors' legal names and to amend the Debtors' service address and (ii) granting related relief.

**BASIS FOR RELIEF**

11. Section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a case under title 11. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and further that "no provision of this title shall be construed to preclude the court from . . . taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules." 11 U.S.C. § 105(a). Pursuant to section 105(a), a court may fashion an order or decree that helps preserve or protect the value of a debtor's assets. *See, e.g., Gilman v. Continental Airlines*, 254 B.R. 93, 97 (Bankr. D. Del. 1998) (holding that section 105(a) gives a bankruptcy court discretion to issue any order, process or judgment that is "necessary or appropriate to carry out the purposes of the Bankruptcy Code, which was intended to provide protection to debtors."), *rev'd on other grounds*, 203 F.3d 203 (3rd Cir. 2000); *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *Bird v. Crown Convenience (In re NWFX, Inc.)*, 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy . . . is that equitable principles govern."); *In re Cooper*

*Properties Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) ("the Bankruptcy Court is one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of their creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

12. As noted above, the Stalking Horse APA requires certain Debtors to change their names to remove references to the words "rue21". Further, Bankruptcy Rules 1005 and 2002(n), and Local Rule 9004-1 set forth the information required to be contained in the caption of all bankruptcy court filings, which information includes the name of the debtor. Once a debtor changes its name under applicable state corporate laws, these rules require that the caption be changed as well.

13. In addition, the Debtors seek to change their service address in light of the forthcoming rejection of the lease for their current corporate headquarters in Warrendale, PA. Accordingly, the Debtors request that the caption in the Chapter 11 Cases be changed to appear as follows to reflect the new names of certain Debtors and the Debtors' new service address:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEW RSC HOLDCO, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10939 (BLS)<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, are New RSC Holdco, Inc. (4668), r21 Holdings, Inc. (1618), New RSC Intermediate, Inc. (9166), New RSC I, LLC (4521), New RSC, LLC (4690), and r services llc (9425). The Debtors' service address is 153 Jefferson Ave #618, Washington, PA 15301.

14. The Debtors additionally request the Court authorize the Clerk of the United States Bankruptcy Court for the District of Delaware and other parties in interest to take any actions that

are necessary to update the ECF filing system and their respective records to reflect the Debtors' name changes, including the insertion of a docket entry in each of the relevant Chapter 11 Cases announcing the change of the Debtors' corporate names reflected in the case caption.

15. The Debtors respectfully submit that the relief requested herein is necessary and appropriate and routinely approved by courts in this district in situations similar to those present here. *See, e.g., In Lordstown Motors Corp.., et al.,* Case No. 23-10831 (MFW) (Bankr. D. Del. May 6, 2024)*; In re Proterra Inc, et al.,* Case No. 23-11120 (BLS) (Bankr. D. Del. Mar. 22, 2024); *In re Stanadyne LLC, et al.,* Case No. 23-10207 (TMH) (Bankr. D. Del. Nov. 16, 2023); *In re Kabbage, Inc. d/b/a KServcing,* Case No. 22-10951 (CTG) (Bankr. D. Del. Aug. 7, 2023).

## **NOTICE**

16. Notice of this Motion will be provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Prepetition ABL Agent; (iv) counsel to the Prepetition Term Loan Agent; (v) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

WHEREFORE, the Debtors request that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: June 18, 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ *Allison S. Mielke*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Allison S. Mielke (No. 5934)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
amielke@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
Jessica D. Graber (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com
jgraber@willkie.com

*Co-Counsel to the Debtors and Debtors in Possession*