## EXHIBIT 2

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEW ~~NEW RUE21~~RSC HOLDCO, INC.,<br>*et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 24-10939 (BLS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ~~——~~326, 343, 344, 350, &<br>357** |

### INITIAL ORDER (I) APPROVING THE DISMISSAL OF THE DEBTORS' CHAPTER 11 CASES; (II) ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT OF PROFESSIONAL FEES; AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to sections 105(a), 305, 349, 363(b)(1), 554(a), and 1112(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 1017, 2002, and 6007 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Local Rule 1017-2, dismissing these Chapter 11 Cases and granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, are New ~~rue21~~RSC Holdco, Inc. (4668), r21 Holdings, Inc. (1618), New ~~rue21~~RSC Intermediate, Inc. (9166), New ~~rue21~~RSC I, LLC (4521), New RSC, LLC (4690), and r services llc (9425).  The Debtors' ~~headquarters is located at 800 Commonwealth Drive, Warrendale~~service address 153 Jefferson Ave. #618, Washington, PA ~~15086~~15301.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to maintain the Wind-Down Reserve and to take any action reasonably necessary to ensure that the Wind-Down Reserve is maintained free and clear of any and all claims, liens, security interests, or encumbrances other than as set forth in the Final Cash Collateral Order (including, without limitation, that the liens and claims of the Prepetition Secured Parties shall remain in full force and effect on any residual funds in the Wind-Down Reserve).

3.      ~~Notwithstanding any provisions of the Interim Compensation Order to the contrary, all~~All Professional Persons retained in these Chapter 11 Cases that have not obtained entry of a final order approving their fees shall file Final Fee Applications for the Final Fee Period (defined below) no later than **~~[●] [●], 2024, at 4:00 p.m. (prevailing Eastern Time~~twenty-one (21) days prior to the Final Fee Hearing** (defined below) (the "Fee Application Deadline").  The Final Fee Applications shall cover all fees and expenses incurred from the Petition Date through the date of entry of the Dismissal Order (the "Final Fee Period"), including an estimate of fees and expenses to be incurred for the period from the Fee Application Deadline through the end of the Final Fee Period.  All Final Fee Applications shall be filed in

accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Interim Compensation Order.

4.      Any objections to the Final Fee Applications shall be filed and served on counsel for the Debtors and the Professional Person submitting the application to which an objection is being filed no later than **[●] [●], 2024, at 4:00 p.m. (prevailing Eastern Time)**.

5.      The Court will hold the Final Fee Hearing, if necessary, on **[●] [●], 2024, at [●]:[●] [●].m. (prevailing Eastern Time)** to resolve any disputes related to the Final Fee Applications.

6.      Upon the Court's approval, Professional Persons shall be entitled to one hundred percent (100%) of their Allowed Professional Fees, which amounts shall be paid from the Carve Out Reserves[3] in accordance with the Final Cash Collateral Order and in accordance with the Approved Budget, with any unpaid fees and expenses to be paid from the Wind-Down Reserve. Upon payment of the fees outlined in this paragraph, and the establishment of the Wind-Down Reserve in accordance with the cash collateral budget for purposes of effectuating the wind-down of the Debtors' businesses and affairs following dismissal, the balance of any excess amounts remaining in the Carve Out Reserves or Wind-Down Reserve shall be remitted to the Prepetition Secured Creditors in accordance with the Final Cash Collateral Order. For the avoidance of doubt, any cash held by the Debtors in excess of the Carve Out Reserves and the Wind-Down Reserve shall be distributed to the Prepetition Secured Parties in accordance with the Final Cash Collateral Order.

7.      After Final Fee Applications have been heard, Allowed Professional Fees have been paid, U.S. Trustee fees have been calculated and reserved, any remaining obligations owed

---

[3]      As such term is defined in the Debtors' Final Cash Collateral Order.

to Kroll as the claims and noticing agent have been satisfied, the Debtors shall file all monthly operating reports for periods up to and including the entry of ~~this~~the Dismissal Order and shall pay all U.S. Trustee fees in full.  For the avoidance of doubt, the Debtors shall pay U.S. Trustee fees on account of all Allowed Professional Fees disbursed in accordance with approved Final Fee Applications, notwithstanding that such U.S. Trustee fees may relate to disbursements made after entry of this Order.

8.     As soon as reasonably practicable following the completion of the payment of U.S. Trustee's fees, the payment of Allowed Professional Fees, and establishment of the Wind-Down Reserve, the Debtors shall file a certification of counsel (the "Certification") requesting entry of the Dismissal Order, the form of which is attached hereto as Exhibit I. Among other things, the Certification shall verify that (a) all U.S. Trustee fees have been paid in full; (b) Allowed Professional Fees incurred in these Chapter 11 Cases have been approved on a final basis (to the extent applicable) and paid in full; and (c) the Wind-Down Reserve shall be maintained.

9.     Upon entry of this Order, the Debtors shall ensure the preservation of the limited set of documents and records (the "Limited Preserved Records") that they have agreed to preserve in order to fully resolve the objection of Popular Poison Graphics LLC ("PPGL") to the Motion [Docket No. 344].[4]  The Debtors shall maintain sole possession, custody, and control over the Limited Preserved Records.  The Debtors shall preserve the Limited Preserved Records for a period of three (3) years from the entry of this Order.

---

[4]  For the avoidance of doubt, all parties reserve all rights with respect to the production of the Limited Preserved Records, in whole or in part.  Nothing herein shall be construed as an admission as to the relevance of the Limited Preserved Records to any future claim asserted by PPGL.

10.    9. The Debtors shall serve the Certification and this Order on the Notice Parties and no further notice regarding the dismissal of these Chapter 11 Cases shall be required.  The Debtors' creditors and parties in interest have received reasonable notice of the proposed dismissal through the Dismissal Notice.

11.    10. The Debtors shall pay quarterly fees to the U.S. Trustee for all disbursements made by each Debtor until such time as such Debtor's case is dismissed, notwithstanding that the Debtors shall only be required to file monthly operating reports for the periods concluding upon entry of this Order.

12.    11. This Order shall be effective and binding upon the Debtors, the Committee, and all other parties in interest.

13.    12. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

14.    13. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

15.    14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**<u>Exhibit I</u>**

**Proposed Form of Dismissal Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW ~~NEW RUE21~~RSC HOLDCO, INC., *et al.*,[1] | Case No. 24-10939 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket ~~Nos.___~~ No. 326, 343, 344, 350, 357,** |
| | **& ~~___~~[_]** |

**ORDER DISMISSING THE DEBTORS' CHAPTER 11 CASES**

Upon the (i) *Debtors' Motion for Entry of an Order (I) Dismissing the Debtors' Chapter 11 Cases; (II) Establishing Procedures With Respect to Final Fee Applications; (III) Directing the Debtor Entities to be Dissolved; (IV) Exculpating Parties for Liability in Connection with these Chapter 11 Cases; and (V) Granting Related Relief* [Docket No. ~~[●326]~~ (the "Motion"),[2] filed on June 21, 2024, (ii) that certain order granting the Motion, entered on [●], 2024 [Docket No. [●]], and (iii) the *Certification of Counsel and Request for Entry of an Order Dismissing these Chapter 11 Cases*, filed on [Docket No. [●]]; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the relief requested

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, are New ~~rue21~~RSC Holdco, Inc. (4668), r21 Holdings, Inc. (1618), New ~~rue21~~RSC Intermediate, Inc. (9166), New ~~rue21~~RSC I, LLC (4521), New RSC, LLC (4690), and r services llc (9425).  The Debtors' ~~headquarters is located at 800 Commonwealth Drive, Warrendale~~service address 153 Jefferson Ave. #618, Washington, PA ~~15086~~15301.

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

~~3~~1836815.1

1

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby,

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, each of these Chapter 11 Cases is dismissed effective as of the entry of this Order.

3.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein are overruled on the merits and denied with prejudice.

4.      Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of these Chapter 11 Cases and any related adversary proceedings, including, without limitation, the Final Cash Collateral Order, the Sale Order,[3] the APA approved thereby, and the Final Store Closing Order,[4] shall remain in full force

---

[3]      "Sale Order" means the *Order (I) Authorizing the Sale of Certain Assets of the Debtors to YM Inc. (Sales) Free and Clear of All Liens, Claims, Interests, and Encumbrances and (II) Granting Related Relief* [Docket No. 247].

[4]      "Final Store Closing Order" means the *Final Order (I) Authorizing the Debtors to Assume the Consulting Agreement, (II) Approving Procedures for Store Closing Sales, and (III) Granting Related Relief* [Docket No. 193].

and effect, shall be unaffected by the dismissal of these Chapter 11 Cases, and shall be specifically preserved for purposes of finality of judgment and *res judicata*; provided, however, that the Challenge Deadline (as defined in the Final Cash Collateral Order), to the extent such Challenge Deadline has not already occurred prior to entry of the Dismissal Order, shall be deemed to have expired upon entry of the Dismissal Order.  For the avoidance of doubt, the Buyer's obligations to any and all applicable third parties under the Sale Order and the APA shall survive dismissal of these Chapter 11 Cases.

5.      Upon entry of this Order, any remaining assets of the Debtors' estates that constitute ABL Priority Collateral, Term Priority Collateral[5] or Postpetition Collateral (each as defined in the Final Cash Collateral Order)[6] shall be assigned to the Prepetition ABL Agent or the Prepetition Term Loan Agent, as applicable.  Any such assets shall be transferred to the Prepetition ABL Agent or the Prepetition Term Loan Agent free and clear of all liens, claims, and encumbrances.  For the avoidance of doubt, the Debtors shall not assign their rights to the funds in the Carve Out Reserves and the Wind-Down Reserve, which shall be distributed in accordance with the terms of the Initial Order and the Final Cash Collateral Order.[7]

6.      Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Debtors are authorized, but not directed, upon reasonable notice to the Prepetition

---

[5]  For the avoidance of doubt, the assigned Term Priority Collateral shall include all of the Debtors' rights to seek and recover any tax refunds and any claims held by the Debtors related to the *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* 05-MD-1720 (MKB).

[6]  For the avoidance of doubt, no derivative causes of action, including but not limited to fraudulent conveyance and/or breach of fiduciary duty causes of action, shall be assigned to the Prepetition ABL Agent or Prepetition Term Loan Agent.

[7]  To the extent applicable, and upon reasonable request by the Prepetition ABL Agent or Prepetition Term Loan Agent that identifies specific contracts or other agreements for transfer and assignment, the Debtors shall also transfer and assign (subject to any required counterparty consents) all contracts and other agreements with third parties and rights thereunder (including, without limitation, accountants, consultants, collection agencies) relating to any such transferred ABL Priority Collateral, Term Priority Collateral or Postpetition Collateral.

31836815.1

3

Secured Creditors (email to suffice), to abandon or destroy, or cause to be abandoned or destroyed, any and all Retained Books and Records that remain with the Debtors' estates; provided, however, that any hard copy documents containing personally identifiable information must be shredded and any personally identifiable information that is electronically stored must be destroyed. In the event any Prepetition Secured Party requests that the Debtors transfer to such Prepetition Secured Party any Retained Books and Records applicable to such Prepetition Secured Party's collateral, the Debtors shall transfer such Retained Books and Records in the manner prescribed by the Prepetition Secured Party and at such Prepetition Secured Party's sole cost and expense.

7.      Each of the Professional Person's retentions by the Debtors' estates is terminated, effective immediately, without the need for further action on the part of this Court, the Debtors, or such firms, provided, however, that the Debtors' Professionals shall be authorized to take any actions necessary to effectuate the dissolution of each Debtor entity as contemplated herein.

8.      The Committee is hereby dissolved as of the date hereof without the need for further action on the part of this Court or the Committee or its members; provided, however, that obligations arising under bylaws, confidentiality agreements, and protective orders, if any, entered into during these Chapter 11 Cases shall remain in full force and effect in accordance with their terms.

9.      Upon entry of this Order, Kroll Restructuring Administration, LLC ("Kroll"), as the Debtors' claims and noticing agent, is relieved of its responsibilities as the Debtors' claims and noticing agent in these Chapter 11 Cases; provided, however, that Kroll shall provide the services described in this Order and shall be entitled to payment and reimbursement of its fees and costs from and against any prepetition retainer provided to Kroll in connection with these

Chapter 11 Cases or, to the extent such retainer has been exhausted, the Wind-Down Reserve as appropriate.  In accordance with Local Rule 2002-1(f)(ix), within fourteen (14) days of the entry of this Order, Kroll shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a combined final claims register containing claims against each Debtor.

10.     As soon as reasonably practicable after entry of this Order, without the need for further action on the part of this Court and without the need for further corporate action or action of the board of directors or managers of the Debtors (as applicable), to the extent not previously dissolved, the Debtors are authorized, but not directed, to dissolve their corporate entities in accordance with applicable law or take other actions necessary and appropriate to effectuate such dissolution, and the Debtors shall not be required to pay any taxes or fees to cause such dissolution.  Any officer or other authorized representative of the Debtors is authorized to execute and file on behalf of the Debtors all documents necessary and proper to effectuate and consummate the dissolution of the Debtors in accordance with applicable law.

11.     From and after the date of this Order, the Debtors, the directors, and officers, and employees of the Debtors who served during any portion of these Chapter 11 Cases, the (solely in their capacity as agents of the Debtors), the Debtors' professionals retained in these Chapter 11 Cases, the Committee, the members of the Committee in their capacity as such, and the Committee's professionals retained in these Chapter 11 Cases (each an "Exculpated Party") shall be exculpated from any liability for any act taken or omitted to be taken in good faith in connection with the preparation, filing, or administration of the Debtors' Chapter 11 Cases during the period from the Petition Date through the date of entry of this Order in connection with or related to these the post-petition preparation, filing, or administration of the Debtors' Chapter 11

Cases, including, but not limited to, the commencement and prosecution of these Chapter 11 Cases, the sale processes, entry into the Final Cash Collateral Order, seeking and effectuating the dismissal of the Debtors' Chapter 11 Cases, and implementation or consummation of this Order (other than an act in contravention of this Order); provided, however, that the foregoing provision shall not affect the liability of any person that otherwise would result from any such act or omission to the extent that the act or omission is determined in a final order of a court of competent jurisdiction to have constituted fraud, gross negligence, or willful misconduct of such Exculpated Party.

12.     Notwithstanding any other provisions included in this Order, upon dismissal of these Chapter 11 Cases, the funds established in ¶35 of the Final Cash Collateral Order in the amount of $217,075.94 (the "Tax Reserve") shall continue to be held for the benefit of the Taxing Authorities[1] and the Tax Liens (as defined in the Final Cash Collateral Order) shall remain attached to the funds in the Tax Reserve in their relative priority until the Tax Claims (as defined in the Final Cash Collateral Order) are paid in full (which payment, for the avoidance of

---

[1]     For purposes of this Final Order, the term "Texas Taxing Authorities" shall refer to: Potter County Tax Office, Lubbock Central Appraisal District, Midland County, Burleson Independent School District, Crowley Independent School District, City of Grapevine, Grapevine-Colleyville Independent School District, Carrollton-Farmers Branch Independent School District, Tyler Independent School District, Brazoria County Tax Office, Dickinson Independent School District, Galveston County Municipal Utility District #54, Humble Independent School District, Galena Park Independent School District, Harris County Municipal Utility District #285, Pasadena Independent School District, City of Houston, Alief Independent School District, West Harris County Municipal Utility District #6, Harris County Municipal Utility District #358, Harris County Water Control Improvement District 155, Walker County Appraisal District et al, City of Katy - Fort Bend and Waller Counties, Katy Management District # 1, Fort Bend Independent School District, Fort Bend County Levee Improvement District # 2, Wichita County Tax Office, Brownsville Independent School District, City of Mercedes, Bastrop County, Bowie CAD, Brazos County, Hays County, Midland CAD, Taylor County CAD, City of Waco and Waco ISD, Williamson County, Allen ISD, Bexar County, Cameron County, City of Allen, City of El Paso, City of Houston, Cypress Fairbanks ISD, Dallas County, Ector CAD, Fort Bend County, Galveston County, Harris County ESD #9, Harris County ESD #60, Harris-Fort Bend ESD #100, Hidalgo County, Houston Community College System, Houston ISD, Humble, Irving ISD, Jefferson County, Kaufman County, Lamar CAD, Lewisville ISD, Lone Star College System, Navarro County, San Marcos CISD, Tarrant County, Victoria County.

31836815.1

doubt, may be made from such Tax Reserve).  The funds held in the Tax Reserve may be distributed only upon agreement between the Texas Taxing Authorities and the Debtors and are not a cap on the amounts the Texas Taxing Authorities may be entitled to receive in satisfaction of the Tax Claims.  The Debtors will pay the undisputed Tax Claims in the ordinary course of business when they come due.  Upon payment of the Tax Claims, the Texas Taxing Authorities release any liens they may have against any of the Debtors' property, including remaining sale proceeds.

13.    12. The Clerk of the Court shall enter this Order individually on each of the dockets of these Chapter 11 Cases and, thereafter, each docket shall be marked as "Closed."

14.    13. The Debtors are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

15.    14. To the extent applicable, the 14-day stay to effectiveness of this Order provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

16.    15. Notwithstanding the dismissal of these Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation, interpretation, or enforcement of this Order or any other Order of this Court entered in these Chapter 11 Cases.